It is abundantly clear that the statutory and case law of this state do not generally condone the payment of child support directly to the child instead of to the residential parent. Indeed, R.C. 2301.36 (A) states that all child support must be paid to the appropriate Child Support Enforcement Agency having jurisdiction over the parties or it is "deemed a gift." While at first blush our decision in the case sub judice appears to contradict the aforementioned rule, I submit that our decision covers a situation that differs from the norm. That is, the facts in our situation involve the failure of a de facto non-residential parent, who was the obligee of a support order, to return child support payments to the Child Support Enforcement Agency, or to the obligor and de facto residential parent. Instead, the support checks received by the obligee were endorsed over to child.
Accordingly, I concur with my colleagues but in doing so must clarify that this case should not be cited as an erosion of the clear duty of the obligor to pay child support to the residential parent, and only through the agency set forth in the court's order of support. Rather, it is my opinion that this case is illustrative of the proposition that when both parties deviate from the prior order of the court in regards to residential parent status, they do so at their own peril. Had the court been timely notified by either parent of their mutual desire to modify the prior order of the court, the problem would not have arisen and each cannot now complain that the trial court abused its discretion in attempting to equitably clean-up the legal mess they created.
 _________________________ JOSEPH J. VUKOVICH, JUDGE